09-5098-ag
Yan v. Holder

BIA
Schoppert, IJ
A099 026 125

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven.

PRESENT:
>        REENA RAGGI,
>        GERARD E. LYNCH,
>        DENNY CHIN,
>             *Circuit Judges.*

─────────────────────────────────────────────

LAN YAN,

>        *Petitioner*,

>        v.                                    09-5098-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

>        *Respondent*.

─────────────────────────────────────────────

FOR PETITIONER:         Gerald Karikari, Law Office of Gerald Karikari, P.C., New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Lan Yan, a native and citizen of the People's Republic of China, seeks review of a November 18, 2009, order of the BIA affirming the March 12, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lan Yan*, No. A099 026 125 (B.I.A. Nov. 18, 2009), *aff'g* No. A099 026 125 (Immig. Ct. N.Y. City Mar. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where the BIA adopts an IJ's decision, we review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008), quoting 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 380 (2d Cir. 2007) ("we undertake

a highly deferential review of the IJ's findings," including adverse credibility determnations (internal quotation marks omitted))

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably found Yan not credible because: (1) her testimony that she was detained for three days was contradicted by her asylum application in which she indicated that she had never been detained; (2) in her credible fear interview, her application, and her testimony, she gave conflicting accounts of the gender, birth order, and birth dates of her two children, and she has offered only incredible explanations for those inconsistencies; and (3) she admitted at her hearing that she lied to immigration officials, giving yet another conflicting account of her children's gender to avoid removal. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-167 (2d Cir. 2008). Moreover, a reasonable factfinder would not have been compelled to credit her explanations for the inconsistency and falsehood. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Additionally, the IJ's unchallenged finding that Yan failed to provide adequate corroborating evidence to rehabilitate her otherwise incredible testimony provides further support for the IJ's

adverse credibility determination.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The IJ's adverse credibility determination was fatal to her application for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4